# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOANNE HARP, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-09 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
|    Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court are Defendant's Motion for Partial Summary Judgment (Dkt. #10) and Defendant's No-Evidence Motion for Partial Summary Judgment of Extra-Contractual Claims (Dkt. #17). The motions are ripe for ruling and deemed unopposed because the submission date has passed and the Plaintiff has not filed a response.[1] After careful consideration of the motions, the arguments, the entire record, and the applicable law, the Court is of the opinion that the motions should be GRANTED, as explained below.

## Factual and Procedural Background

This lawsuit originated from a motor vehicle accident on the morning of October 9, 2003 at a minor intersection in Victoria, Texas. Plaintiff's 2000 Dodge Dakota was struck by another car driven by Jennifer Journeycake when Ms. Journeycake failed to yield to cross traffic at a stop sign. As a result, the Plaintiff suffered personal injuries. Plaintiff made a claim against Ms. Journeycake, and Ms. Journeycake's insurance carrier paid Plaintiff its policy limit of $20,000. Plaintiff also made a claim

---

[1] *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

for personal injury benefits from her insurance carrier, Defendant State Farm Mutual Auto Insurance Company. Defendant paid Plaintiff $2,500 in personal injury benefits under the policy. Plaintiff made an additional claim for benefits under her "uninsured/ underinsured coverage" ("UIM"). Defendant refused to pay additional benefits demanded by Plaintiff. Plaintiff filed claims for breach of contract, bad faith , and punitive damages for denying the UIM benefits in the 135th Judicial District Court, Victoria County, Texas, case number 04-5-61,283-B. The lawsuit was removed to federal court on January 24, 2004. A scheduling conference was held on May 10, 2005 and a Scheduling Order (Dkt. #14) was entered on that date. According to that Scheduling Order, all discovery concluded on November 18, 2005 and all dispositive motions were due by December 2, 2005.

## Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). Normally, the Court must accept the evidence

of the non-movant and draw all justifiable inferences in favor of that party, *see Matsushita*, 475 U.S. at 585-87, but Plaintiff has not responded to submit or point to evidence creating fact issues. Although it is error for the Court to grant summary judgment simply because the non-movant fails to respond, the Court may decide the merits of the case based on the Defendant's motion and supporting evidence since Plaintiff has provided no controverting evidence. *See John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707-08 (5th Cir. 1985); *Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988) (noting that when the non-movant submits no summary judgment response, the district court may accept as undisputed the facts in the motion for summary judgment).

## Discussion

Because the jurisdiction of the Court is premised on diversity of citizenship under 28 U.S.C. §1332(a), Texas law will control the disposition of Plaintiff's state law claims. *Columbia Mut. Ins. Co. v. Fiesta Mart, Inc.*, 987 F.2d 1124, 1136 (5th Cir. 1993) (citing *Erie Ry. Co. v. Thompkins*, 304 U.S. 64 (1938)).

Defendant contends that Plaintiff has failed to present any evidence to support her extra-contractual claim of bad faith and claim for punitive damages. Defendants rely in part on the Fifth Circuit's recent opinion in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004). *Hamburger* also involved an injured motorist who was denied UIM coverage by his insurer, State Farm, after receiving the policy limit coverage from the primary insurer and additional personal injury coverage from State Farm. The Fifth Circuit affirmed the district court's order granting summary judgment against Hamburger's extra-contractual claims on the grounds that Hamburger failed to offer evidence establishing a breach of the duty of good faith and fair dealing under Texas law. The Fifth Circuit held that "[i]n order to impose liability on State Farm for violations of the duty of good faith and fair dealing, . . . [Plaintiff ] was required to show that State Farm knew or should have known that

3

it was reasonably clear that [Plaintiff's] UIM claim was covered, but failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement." *Hamburger*, 361 F.3d at 880 (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997). The court continued, "[a]n insurer does not breach its duty of good faith and fair dealing merely by erroneously denying a claim." *Id.* at 881 (citing *United States Fire Ins. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997)). The Fifth Circuit ultimately determined that State Farm's "bona fide dispute" about its liability under the contract could not rise to the level of bad faith as a matter of law. *Id.*(citing *Nat'l Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376-77 (Tex.1994)).

> Plaintiff's stated factual bases for her claim of bad faith are,
>
>> [Defendant's] failure to pay Plaintiff any benefits under [the UIM] policy as it is contractually required to do. Plaintiff settled with the primary insurance company . . . for policy limits. At that time, Plaintiff requested permission to settle with the primary insurance company and also requested Defendant pay the underinsured coverage limits. At the same time, Plaintiff provided Defendant with medical records and medical bills showing damages. Defendant refused and continues to refuse to pay the underinsured limits to Plaintiff for her damages which Defendant is liable for.[2]

Plaintiff's Response to Request for Disclosures, Paragraph (d) indicates that Plaintiff has incurred expenses of $12,566.19 for medical bills and has lost wages of $2,640.00.[3] Although Plaintiff indicates that she believes she will incur future medical expenses, Defendant was only provided with the above amounts totaling $15,206.19. Even if Defendant accepted Plaintiff's calculations, the total economic damages offered fell $7,293.81 short of the $22,500.00 Plaintiff had already received from the primary insurer and from Defendant's personal injury benefits payment. Therefore, the Court finds that Defendant had "a reasonable basis to deny . . . payment of [Plaintiff's] claim,"*Higgenbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997), and without any other evidence, Plaintiff

---

[2] Dkt. #10, Exhibit C, part (c).

[3] *Id.* at part (d).

4

cannot establish that Defendant denied her claim in bad faith.

Plaintiff offers the identical factual bases for her claim for punitive damages.[4] The Supreme Court of Texas has held that there is a "critical threshold" separating the tort of bad faith from conduct warranting the imposition of punitive damages. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994). Even if an insurer has acted in bad faith by unreasonably denying a claim for benefits, punitive damages cannot be awarded on that basis alone. *Id.* A plaintiff must provide evidence of "malicious, intentional, fraudulent, or grossly negligent conduct" to subject an insurer to liability for punitive damages. *Id.* Because Plaintiff has not even provided evidence sufficient to suggest that Defendant acted in bad faith, it follows that she cannot maintain a claim for punitive damages. Therefore, the Court finds that Plaintiff's claim for punitive damages is also appropriately disposed of at the summary judgment stage.

## Conclusion

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Dkt. #10) and Defendant's No-Evidence Motion for Partial Summary Judgment of Extra-Contractual Claims (Dkt. #17) are hereby GRANTED.

It is so ORDERED.

Signed this 8th day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4] Dkt. #10, Exhibit G, Interrogatory No. 19.